

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| Monica Young | * | Case No. 09-19834-NVA |
| | | (Chapter 13) |
| Debtor | * | |
| * * * * * * * * | | |
| Leonard Young, et al., | * | |
| Plaintiffs, | * | Adv. Proc. 09-0537 |
| v. | | |
| | * | |
| Monica Young | | |
| | * | |
| Defendant. | | |
| | * | |
| * * * * * * * * * * * * * | | |

**SUA SPONTE ORDER DISMISSING CAPTIONED ADVERSARY PROCEEDING AND, TO THE EXTENT NECESSARY, LIFTING THE AUTOMATIC STAY IN ORDER TO ALLOW LEONARD AND PATRICE YOUNG TO PROSECUTE <u>EXISTING ADVERSARY PROCEEDING 08-752-JFS AGAINST MONICA YOUNG</u>**

The Court has determined, sua sponte, that it is appropriate to dismiss the above-captioned adversary proceeding. In conjunction therewith, it is also appropriate for this Court to grant stay relief to permit Leonard and Patrice Young, to the extent they need it from this Court, to pursue Monica Young, the debtor herein (the "Debtor") in the adversary proceeding pending in the Debtor's previously-filed and currently re-opened chapter 7 case. The Court reviews the procedural history

of the Debtors' bankruptcy cases and adversary proceedings and the rationale for the Court's decision as follows.

On May 13, 2005, the Debtor filed a chapter 7 case, case no. 05-21343 (the "First Chapter 7 Case"). This case was before the Honorable James Schneider of this Court. On January 4, 2006, the First Chapter 7 Case was closed after the Debtor received her discharge.

On September 6, 2007, the Debtor filed a chapter 13 case, case no. 07-18519 and it was assigned to this Judge (the "First Chapter 13 Case"). During the pendency of the First Chapter 13 case, Leonard and Patrice Young, the Debtor's ex-husband and his new wife (the "Plaintiffs"), filed an adversary proceeding against the Debtor (the "First Adversary Proceeding"). The First Adversary Proceeding sought a finding that a debt allegedly owed to the Plaintiffs was not dischargeable. The Plaintiffs sought a declaration that the alleged debt owed to them was not dischargeable based on an argument that called upon the Court to construe Judge Schneider's discharge order in the First Chapter 7 Case. Specifically, the amended complaint [15] in the First Adversary Proceeding sought a declaratory judgment that (i) a discharge entered in the Debtor's First Chapter 7 Case did not discharge an alleged debt to the Plaintiffs herein, and (ii) that an order [32] entered in the main case in the First Chapter 13 Case disallowing the Plaintiffs' proof of claim did not affect the dischargeability of that claim because the Debtor was not entitled to a discharge of that debt.

In connection with the First Adversary Proceeding, the Court determined that the question of the interpretation of Judge Schneider's order and the request that this Judge provide declaratory relief with respect to the treatment of the Plaintiffs' claim by Judge Schneider's 2005 discharge order were not appropriate matters for this Court. Accordingly, on May 15, 2008, this Court dismissed the First Adversary Proceeding.

On September 22, 2008, the Plaintiffs petitioned Judge Schneider to re-open the First Chapter 7 Case for the stated purpose of filing an adversary proceeding for dischargeability against

the Debtor. On October 10, 2008, an Order was entered re-opening the First Chapter 7 Case. On October 14, 2008, the Plaintiffs re-filed substantially the same adversary proceeding in the re-opened (First) Chapter 7 Case that had been pending, but was dismissed. The adversary proceeding that is pending in the First Chapter 7 Case is adv. pro. no. 08-752.

On October 21, 2008, the First Chapter 13 case was dismissed, based on the Debtor's failure to confirm a plan of reorganization.

On June 1, 2009, the Debtor filed another chapter 13 case, case no. 09-19834 (the "Second Chapter 13 Case.") The Second Chapter 13 case is pending in front of this Judge. On the same date that the Debtor filed the Second Chapter 13 Case, the Debtor filed a "Notice of Bankruptcy" in the pending adversary proceeding in the First Chapter 7 Case. Judge Schneider then stayed all further proceedings in the adversary proceeding in the First Chapter 7 Case.

On August 11, 2009, the Plaintiffs, for the third time, filed an adversary proceeding against the Debtor seeking a declaration that a debt allegedly owed to them by the Debtor was not dischargeable based on their construction of an order issued by Judge Schneider in the First Chapter 7 case. The third adversary proceeding, adv. pro. no. 09-0537, was filed in the Second Chapter 13 Case. The result of this is that there are now two adversary proceedings pending, seeking essentially the same relief, brought by the same Plaintiffs against the same Debtor, in front of two different judges. Both of the adversary proceedings seek to construe an order entered by Judge Schneider in the First Chapter 7 Case. This Court has already ruled, in the First Chapter 13 case, that it will not construe Judge Schneider's order. This Court likewise declines to do so in this, the Second Chapter 13 Case.

Accordingly, this Court believes that dismissal of the captioned adversary proceeding is appropriate, and, to the extent necessary, this Court grants relief from the automatic stay to permit the Plaintiffs to pursue their adversary proceeding in the First Chapter 7 Case against the Debtor.

3

This Court has already determined that it will not construe Judge Schneider's order. It is especially loathe to do so now when the case in front of Judge Schneider has been re-opened, presumably for this very purpose.

The Court considered dismissing this Chapter 13 case in its entirety but declines to do so even though the Debtor currently has an open chapter 7 case. While this procedure is not specifically prohibited by the rules, it is not generally condoned. In this instance, however, the Court will not deprive the Debtor of an opportunity to reorganize her debts under chapter 13 if that is her goal. The Court is mindful of the fact that the Debtor did not request that the First Chapter 7 Case be re-opened and also mindful of the fact that the Debtor seeks no affirmative relief in that case. In these circumstances, the Court will not dismiss the Second Chapter 13 case.

Accordingly, in consideration of the foregoing, it is, by the United States Bankruptcy Court for the District of Maryland, hereby:

ORDERED that the captioned adversary proceeding is dismissed; and it is further

ORDERED that Leonard W. Young and Patrice W. Young are granted relief from the automatic stay in order to prosecute adversary proceeding number 08-752; and it is further

ORDERED that the clerk of court is hereby directed to close this adversary case.

cc:

Andrew G. Wilson, Esquire
Andrew Cole, Esquire

**END OF ORDER**